**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**UNITED STATES OF AMERICA**                                                              **PLAINTIFF**

**v.**                                   **NO. 4:04-CV-00646 GH**

**LARRY W. GIFFORD;
JEWELL D. THREADGILL, a/k/a
JEWELL D. GIFFORD; and
REGIONS BANK, N.S., formerly
Clinton State Bank**                                                   **DEFENDANTS**

**REGIONS BANK**                                                          **THIRD-PARTY PLAINTIFF**

**v.**

**FARM BUREAU MUTUAL INSURANCE
COMPANY OF ARKANSAS, INC.**                        **THIRD-PARTY DEFENDANT**

**ORDER GRANTING SUMMARY JUDGMENT BUT
POSTPONING ENTRY OF IN REM JUDGMENT**

Numerous motions are pending in this *in rem* foreclosure action. Although the Court cannot enter a final Judgment until the issue of the appropriate application of insurance proceeds is resolved, it concludes that Regions Bank and the United States are entitled to summary judgment for the reasons herein stated.

**FACTUAL OVERVIEW**

The United States and Regions Bank both seek *in rem* judgments against the subject property, located in Van Buren County, AR, and more particularly described in the pleadings submitted by the respective lien holders. It appears undisputed that Regions Bank has the first lien and the U.S. the second lien. Both Regions Bank and the United States have filed motions for summary judgment. The United States has also filed a Motion for Default Judgment as to

- 1 -

Mauthe Gifford and Lee Threadgill, neither of which have responded timely to the Amended Complaint for Foreclosure.

Only the Defendant Jewell D. Threadgill has lodged any objection to the motions for summary judgment filed by Regions Bank and the United States.  On June 8, 2005, Ms. Threadgill, proceeding *pro se,* filed a pleading objecting to the proposed foreclosure and to Regions' claim to the insurance proceeds arising from a fire on the mortgaged premises resulting in a total loss of the primary residence located on the premises.  Ms. Threadgill's primary objection to the proposed foreclosure appears to be that her prior discharge in bankruptcy prohibits the attempted foreclosure.

Ms. Threadgill's June 8th submission is difficult to understand.  Although it was docketed as a response objecting to summary judgment, Regions, Larry Gifford, and Farm Bureau Mutual all filed answers to Ms. Threadgill's submission, apparently out of an abundance of caution in the event the pleading was construed to state a cause of action.  Additionally, Regions Bank filed a Motion to Dismiss arguing that Ms. Threadgill's motion fails to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. Rule 12(b)(6).  Although Ms. Threadgill's submission has various assertions sprinkled throughout, the Court does not consider it to raise any affirmative causes of action.[1]  The Court therefore considers it solely to the extent that it opposes the pending Motions for Summary Judgment.

An issue exists relating to the proper disposition of insurance proceeds arising from a fire on the premises. On January 1, 2003, a structure on the mortgaged premises was destroyed by fire.  The structure was insured by Third-Party Defendant Farm Bureau Mutual Insurance Co. of

---

[1] Alternatively, the Court concludes that Plaintiff's June 8th 2005 submission fails to state facts upon which relief may be granted.

Arkansas. Regions Bank and Jewell D. Threadgill were loss payees according to the terms of the insurance policy. Farm Bureau has issued a check in the sum of $45,000 for payment of such loss. The check is made payable to the order of "Jewell D. Threadgill, Regions Bank and USA Farmers Home Admin." Ms. Threadgill has refused to endorse the check. Regions currently has possession of the check and requests that the Court authorize the check to be cashed without Ms. Threadgill's endorsement and such funds ordered distributed to Regions Bank to be applied toward its judgment herein. Alternatively, Regions requests that the check be reissued and interpled into the registry of the Court.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only when, in reviewing the evidence in the light most favorable to the non-moving party, there is no genuine issue as to any material fact, so that the dispute may be decided solely on legal grounds. *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56. The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is a need for trial-- whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

"A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). However, the moving party is not required to support its motion with affidavits or other similar materials negating the opponent's claim. *Id*.

Once the moving party demonstrates that the record does not disclose a genuine dispute on a material fact, the non-moving party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in Rule 56, must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. Rule 56(e). The plain language of Rule 56(c) mandates the entry of summary judgment against a non-moving party which, after adequate time for discovery, fails to make a showing sufficient to establish the existence of an element essential to its case, and on which that party will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 322.

The mere existence of a factual dispute is insufficient alone to bar summary judgment; rather, the dispute must be outcome determinative under prevailing law. *Holloway v. Pigman*, 884 F.2d 365, 366 (8th Cir. 1989).

## DISCUSSION

The Court will discuss separately the attempted foreclosure and the disposition of the insurance proceeds.

### The United States and Regions Bank are entitled to an *In Rem* Judgment

The United States brings this action on behalf of Farm Service Agency, an agent of the U.S. Department of Agriculture to recover on delinquent loans issued to Larry W. Gifford and/or to Jewel D. Gifford a/k/a Jewel D. Threadgill.[2] Said loans were secured by certain real property located in Van Buren County, Arkansas. The United States seeks an *in rem* judgment in the principal sum of $63,058.78, plus interest of $12,082.43, accrued to May 3, 2004, and thereafter at the daily rate of $9.0834, and costs.

---

[2] Ms. Threadgill a/k/a Jewel D. Gifford was married to Larry W. Gifford at the time the loans were issued, but is no longer married to Mr. Gifford.

Regions Bank brings this action to recover for a real estate mortgage issued in favor of Larry W. Gifford and Jewel D. Gifford. Regions seeks an *in rem* judgment for the principal sum of $24,989.44, plus interest thereon to April 28, 2005 in the amount of $10,920.04, interest from April 29, 2005 until entry of judgment herein at the rate of 10.0% per year, for late charges in the sum of $100.00, for Regions Bank's court costs in the sum of $67.84, attorney's fees in the sum of $3,550.00 and for title work in the amount of $175.00.

The record before the Court indicates that Regions Bank and the United States are secured lienholders in the same parcel of property located at 3330 Pleasant Grove Loop, Scotland, AR72141 in Van Buren County, Arkansas, and more particularly described in the record. *See* Affidavit of Ben Tiner, Exhibit 1 to Regions' Motion for Summary Judgment, Docket No. 28; and the United States' Amended Complaint for Foreclosure, Docket No. 18). Again, it is undisputed that Regions' lien has priority.

Only Ms. Threadgill has objected to the requested *in rem* judgment. Ms. Threadgill contends that her bankruptcy discharge of debt pursuant to the Bankruptcy Code entered on November 5, 2001 somehow prevents the attempted foreclosure. Ms. Threadgill is mistaken as a matter of law. The discharge Ms. Threadgill obtained in bankruptcy prevents her creditors from attempting to collect debts as a personal liability of Ms. Threadgill's. In other words, a discharge under a Chapter 7 liquidation in bankruptcy extinguishes only "the personal liability of the debtor." 11 U.S.C. § 524(a)(1). The discharge does not, however, affect the rights of secured creditors such as Regions and the United States to collect a debt *in rem* by foreclosing a mortgage. *See Johnson v. Home State Bank*, 501 U.S. 78 (1991). The *in rem* judgments sought by Regions and the United States will give them title and rights to the property in which they have a secured interest, but no right to collect any deficiencies from Ms.Threadgill.

From the record, the Court concludes that Regions and the United States are entitled to *in rem* judgments against the subject property.  Before issuing said judgments, however, the Court first needs to resolve the issue of the insurance proceeds, because the distribution of those sums will affect the amount of the judgments to which these secured creditors are entitled.

### Ms. Threadgill is not entitled to any portion of the insurance proceeds

Ms. Threadgill has produced a copy of the insurance policy in question, which indicates coverage in the following amounts:

| | |
|---|---:|
| Dwelling | 45,000 |
| Other Structures | 4,500 |
| Personal Property | 22,500 |
| Add'l Living Expenses | 9,000 |

Thus, the check, in the amount of $45,000 represents only the loss in connection with the dwelling.  Upon information and belief, Farm Bureau refused to pay anything further in connection with the fire based on its finding that the fire was intentional.  Regions claims an interest in the $45,000 in insurance proceeds.  The Court is uncertain as to whether the United States claims any interest in these insurance proceeds, and if so, what amount.  In any event, the Court concludes that Region's interest and the potential interest of the United States is superior to Ms. Threadgill's interest.  It further appears that there are insufficient insurance proceeds for Ms. Threadgill to have any valid claim thereto.  Although Regions has the superior interest in these proceeds, the Court cannot determine from the record whether Regions is entitled to the entire $45,000 in insurance proceeds or to some lesser sum.

### Procedure to Determine Interest in Insurance Proceeds

The Court believes that the most appropriate course of action at this point is to first finalize the issue of how to distribute the insurance proceeds between Regions and the United States.  Only then may it enter a final *In Rem* Judgment permitting Regions and the United States

to recover any amounts then due and owing from a sale of the subject property.

Counsel for Regions and the United States are hereby directed to confer and to attempt to agree on the appropriate allocation of the $45,000 in insurance proceeds. In the event the parties cannot agree, they are directed to submit written briefs to the Court within 15 days of the file-date of this order detailing their respective positions.

The Court believes that the most appropriate course, once it is determined how to divide the insurance proceeds, is to direct Regions Bank to tender the check it currently holds back to Farm Bureau and to direct Farm Bureau to reissue checks payable to Regions Bank and, possibly, to the United States in amounts to be determined by the Court.. If the interested parties disagree, they may so advise the Court, making any alternative proposals for the disposition of this matter.

After the insurance proceeds issue is resolved, counsel for Regions and the United States shall confer and shall submit a precedent *In Rem* Judgment. The parties are reminded that post-judgment interest shall be permitted only at the rate allowed by 28 U.S.C. § 1961.

## CONCLUSION

For the reasons herein stated,

IT IS HEREBY ORDERED THAT the Plaintiff United States of America's Motion for Default Judgment (Docket # 25) against Mauthe Gifford and Lee Threadgill be, and it is hereby, GRANTED.

IT IS FURTHER ORDERED THAT the Plaintiff United States of America's Motion for Summary Judgment (Docket No. 30) be, and it is hereby, GRANTED.

IT IS FURTHER ORDERED THAT Regions Bank, N.A.'s Motion for Summary Judgment (Docket No. 28) be, and it is hereby, GRANTED.

IT IS FURTHER ORDERED on the Court's own initiative that entry of an *In Rem*

Judgment on the secured interests of the United States and Regions Bank shall be delayed pending resolution of the disposition of the $45,000 in insurance proceeds payable by Farm Bureau Mutual Insurance Company of Arkansas, Inc. Counsel for the United States and Regions Bank are hereby directed to confer and to respond as stated herein within 15 days of the file-date of this order.

IT IS SO ORDERED this 5th day of August, 2005.

*George Howard, Jr.*
UNITED STATES DISTRICT JUDGE